UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SANDRENA REBECCA CARTER,  )
                          )
    Plaintiff,         )
                          )
v.                        )    CV424-052
                          )
GEORGE F. CHAPPELLE, JR., )
CEO OF AMERICOLD          )
LOGISTICS, LLC,           )
                          )
    Defendant.         )

## ORDER AND REPORT AND RECOMMEDNATION

*Pro se* plaintiff Sandrena Rebecca Carter filed a Complaint alleging that she was retaliated against in violation of Title VII of the Civil Rights Act of 1964. Doc. 1 at 3-4. She also moved to pursue this case *in forma pauperis* ("IFP"). Doc. 2. The Court recommended that her request to proceed IFP be denied. Doc. 5. The Report and Recommendation allowed Carter to clarify her financial situation within the fourteen-day objections period. *See id.* at 3 n. 1. She has done so. *See* doc. 6. The prior Report and Recommendation is, therefore, **VACATED**. Doc. 5. Since it appears from her supplemental application that she lacks sufficient funds to pay the required filing fee, her request to proceed IFP

1

is **GRANTED**. Docs. 2 & 6. The Court, therefore, proceeds to screen her Complaint, pursuant to 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Carter's factual allegations are limited. The Complaint alleges, unedited and in its entirety,

> I began working for the above-named employer on August 22, 2022 as a Shipping and Receiving Custom Service Representative. On September 8, 2023, I was injured while at work and filed a Workmens' Compensation claim. I was out of work from September 10, 2023 until September 26, 2023. On November 1, 2023, one month after returning to work, I was told that I was terminated. I believe I was retaliated against for engaging in a protected activity.

Doc. 1 at 4. She asserts, without explanation, that her termination violated Title VII of the Civil Rights Act of 1964. *See id.* at 3.

Although Carter's allegations are not entirely clear, it appears that her employer was Americold Logistics, LLC, not Defendant Chappelle, the alleged CEO of that company. *See* doc. 1 at 2; *see also* doc. 6 at 2 (listing her prior employer as "Americold Logistics," in Pooler, Georgia). So construed, her claim against Chappelle should be dismissed. Title VII does not provide for individual liability at all. *See, e.g., Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA require that suits be brought only against employer-entities, not persons

3

in their individual capacities."). Accordingly, Carter's claim against Chappelle should be **DISMISSED**.

Even assuming that she intends to assert her Title VII claim against Americold Logistics, she has not alleged sufficient facts to support such a claim. Retaliation claims under Title VII require that (1) plaintiff was engaged in protected activity, (2) plaintiff was subjected to an adverse employment action, and (3) there exists a causal link between the protected act and the adverse employment action. *See Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002). Title VII retaliation requires that the employee was subjected to an adverse action because of opposition to "any practice made an unlawful employment practice" by Title VII. *See* 42 U.S.C. § 2000e-3(a). Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Filing a workers' compensation claim, under state law, does not appear to bear any relation to any practice made unlawful by Title VII. *Cf.* O.C.G.A.

§ 34-9-1, *et seq.* In the absence of any allegation of Title-VII protected activity, Carter fails to state a claim.

Despite the Complaint's failure to state a claim upon which relief may be granted, Carter is entitled to an opportunity to amend it. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Carter is **DIRECTED** to file an Amended Complaint no later than April 26, 2024. The Clerk is **DIRECTED** to include copies of form Pro Se 7 (Complaint for Employment Discrimination) for Carter's convenience. Carter is advised that failure to timely submit her amended pleading may result in dismissal of her case for failing to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

5

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA