**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

SANDRENA REBECCA CARTER,  )
                                         )
            Plaintiff,         )
                                         )
v.                                     )          CV424-052
                                       )
GEORGE F. CHAPPELLE, JR.,    )
CEO OF AMERICOLD          )
LOGISTICS, LLC,             )
                                       )
           Defendant.     )

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Sandrena Rebecca Carter filed this case alleging she was discriminated against by her employer. *See* doc. 1. The Court screened her Complaint, pursuant to 28 U.S.C. § 1915(e), and recommended that Defendant Chappelle be dismissed because the statutes cited in her Complaint do not provide for individual liability. *See* doc. 8 at 3-4. That recommendation remains pending before the District Judge. *See id.* The Court also directed Carter to submit an Amended Complaint. *Id.* at 5. She failed to submit the Amended Complaint timely. *See, e.g.,* doc. 10. She was then directed to show cause for that failure. *Id.* at 4. She has failed to do so. *See generally* docket. The

1

Court's previous Order expressly warned her that such failure would result in dismissal of her case. *See id.* at 4-5.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Carter's failure to respond to the Court's Orders is sufficient reason to dismiss her case. *See, e.g., Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Accordingly, Carter's Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). If the District Judge adopts this recommendation, the Court's prior recommendation to dismiss Defendant Chappelle should be **DISMISSED** as moot. Doc. 8. This Report and

Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 23rd day of May, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA